Filed 4/22/25  P. v. Reyes CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES LUIS REYES,<br><br>    Defendant and Appellant. | B333612<br><br>(Los Angeles County<br> Super. Ct. No. PA083734) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Remanded in part and Affirmed in part.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Melanie Dorian, Deputy Attorney General, for Plaintiff and Respondent.

In 2015, defendant and appellant James Luis Reyes pled no contest to attempted murder and admitted he personally used a handgun in the commission of the offense.  In 2022, Reyes filed a petition for resentencing (Pen. Code, § 1172.6).[1]  The People, in contesting his prima facie showing, referenced specific facts within the record of conviction, specifically the preliminary hearing transcript, demonstrating why relief was unavailable. Reyes offered no factual counterweight.  The trial court summarily denied the petition based on the preliminary hearing transcript establishing Reyes was the actual shooter whose conviction did not implicate an invalid theory of liability.

## DISCUSSION

The Legislature eliminated "natural and probable consequences liability for murder as it applies to aiding and abetting."  (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  In turn, the Legislature created a procedural mechanism for defendants who could not be convicted of murder under the amended laws to seek retroactive relief.  (§ 1172.6, subd. (a)(1)-(3); *Lewis, supra*, at p. 957.)  The Legislature then expanded the class of defendants entitled to relief to those convicted of attempted murder under the natural and probable consequences doctrine.  (§ 1172.6, subd. (a)(1); see *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

The sole issue on appeal is whether the trial court engaged in improper factfinding by relying on the preliminary hearing transcript.  While this appeal was pending, our Supreme Court decided *People v. Patton* (2025) 17 Cal.5th 549, 600 (*Patton*), which held "that a petitioner who offers only

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

2

conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." Although the "'prima facie bar was intentionally and correctly set very low'" (*Lewis*, *supra*, 11 Cal.5th at p. 972), it is not on the floor. A petitioner "confronting a record of conviction that demonstrates relief is unavailable ha[s] the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton*, *supra*, at p. 607.) A petitioner may satisfy this burden by, for instance, pointing to "specific facts that identify someone else as the direct perpetrator." (*Ibid.*) "But absent specific facts, no such dispute arises, . . . from mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion." (*Id.* at p. 608.)

The court in *Patton* made clear "there is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton, supra*, 17 Cal.5th at p. 608.) In *Patton*, as in the case at bar, the petitioner failed to make a prima facie showing because he "offered only conclusory allegations of entitlement to resentencing relief under section 1172.6 in response to a record of conviction." (*Id.* at p. 609.) In light of the preliminary hearing transcript, the court held that the petitioner's "conclusory checkbox allegations alone could not create a factual dispute." (*Ibid.*) However, in response to the petitioner's belated request at oral argument, the court in *Patton* remanded the matter back to the superior court to permit the petitioner to plead additional facts.

After briefing was complete in this case, on March 5, 2025, Reyes filed a new authority letter citing *Patton*. (Cal. Rules of Court, rule 8.254.) While the letter may not include any "argument or other discussion of the authority," we deem counsel's citation to the disposition in *Patton* as a request to remand for the opportunity to plead additional facts. (See *id.,* rule 8.254(b).) Consistent with that disposition (and in an abundance of caution), we remand the matter to the trial court with directions for that court to consider an amended petition should Reyes, within 30 days of that remand, seek to file one. We express no opinion on the viability of any additional facts Reyes might allege in his amended petition. We otherwise affirm the trial court's order.

Although the parties did not mention it in their appellate briefs, we have identified a clerical error in the abstract of judgment. The abstract of judgement erroneously listed the five-year enhancement as imposed pursuant to section 667.5, subdivision (a)(1), instead of section 667, subdivision (a)(1). An appellate court may order the correction of clerical errors in the abstract of judgment even on its own motion, without a request by either party. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186–187.)

//

//

//

//

//

//

//

4

## DISPOSITION

We remand the matter back to the trial court with directions to consider an amended petition should Reyes seek to file one within 30 days of the issuance of the remittitur.  We otherwise affirm the trial court's order denying the petition for resentencing.  The trial court is also directed to prepare an amended abstract of judgment that correctly lists the five-year enhancement (§ 667, subd. (a)(1)) and forward a copy to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


MORI, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

5